**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

August 11, 2020

677 BROADWAY, SUITE 1101
ALBANY, NY 12207
(518) 427-9700

ELLIOT A. HALLAK
PARTNER
DIRECT:   (518) 701-2748
FAX:       (518) 427-0235
EHALLAK@HARRISBEACH.COM

**VIA ECF**
United States District Judge John G. Koeltl
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 14A
New York, NY 10007

Re:   *SAM Party of New York, et al. v. Kosinski, et al.*, Case No. 1:20-cv-00323-JGK
       *Hurley, et al. v. Kosinski, et al.*, Case No. 1:20-cv-04148-JGK
       Response to Brennan Center for Justice's Request to Participate at Oral Argument

Dear Judge Koeltl:

This office represents Defendants, Peter S. Kosinski, Douglas A. Kellner, Andrew J. Spano, Todd D. Valentine, and Robert A. Brehm (collectively, the "Defendants") in the above-captioned matters. I write in response to the Brennan Center for Justice's ("Brennan Center") request to participate at oral argument in connection with the pending motions for preliminary injunction. As explained below, the focus of Brennan Center's amicus brief is on issues that the Court need not decide at this stage and the same issues raised by the Plaintiffs in their motion papers. Accordingly, the request should be denied since the Brennan Center's participation will not aid the Court in deciding the pending motions.

First, the Brennan Center focuses on the issue of severability of section 1-104 of the New York Election Law from the broader public campaign financing law, an issue the Court should not decide in connection with a preliminary injunction. As explained in Defendants' opposition brief, severability should only be addressed after a decision has been reached on the merits of the Plaintiffs' constitutional claims and, even then, only if necessary to resolve some aspect of the Plaintiffs' alleged injuries. SAM Action, Dkt. 84 at 34; Hurley Action, Dkt. 39 at 34. Any ruling on severability before a final determination on the merits would necessarily be an improper advisory opinion. *See Ass'n of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74, 85 (2d Cir. 2018). Moreover, the severability issue has been thoroughly briefed by the parties and, therefore, argument from a nonparty concerning this issue will not meaningfully aid the Court in deciding the pending motions.

Second, the Brennan Center's argument concerning the connection of the party-qualification thresholds and the campaign financing program, while incorrect, is a position advanced by both Plaintiffs. In fact, in the *Hurley* action, Plaintiffs have filed in support of this aspect of their preliminary injunction motion the Declaration of Hoonpyo Lee a/k/a Chisun Lee, who is the Deputy Director of the Election Reform Program at the Brennan Center. *See* Hurley Action, Dkt. 4. Thus, the Brennan Center's position will be adequately represented at oral argument by counsel for the litigants. There is no justification for allocating a portion of the

Honorable John G. Koeltl
August 11, 2020
Page 2


limited oral argument time to a nonparty so it can advocate for a position also advanced by the parties.

In short, the Court should deny the Brennan Center's request to participate at oral argument since its presentation would duplicate that of Plaintiffs' counsel and concern issues not pertinent at this preliminary stage in the proceedings.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Elliot A. Hallak*

Elliot A. Hallak

cc: Counsel of record (by ECF)